**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | * | Case No. 25-55028 |
| Cleveland Avenue Café, Inc. | * | Chapter 11<br>Subchapter V |
| Debtor, | * | |
| | * | Judge Tiffany Strelow Cobb |
| Corporate Exchange Group, LLC | * | |
| Movant, | * | |
| -vs- | * | |
| Cleveland Avenue Café, Inc. | * | |
| Respondent. | | |

**CREDITOR CALPAL, LLC D/B/A CALPAL CONSULTING, LLC'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO RECONVERT CASE TO CHAPTER 11 WITH MEMORANDUM IN SUPPORT**

Creditor CalPal, LLC d/b/a CalPal Consulting, LLC ("CalPal")[1], a creditor and party in interest, objects to the Debtor's Emergency Motion to Reconvert Case to Chapter 11 Pursuant to 11 U.S.C. § 706(a), to Continue Under Subchapter V Subject to Independent Fiduciary Financial Control, for Shortened Notice and Expedited Consideration, and for Related Relief ("Reconversion Motion") (Doc. 184).

[1]CalPal, LLC is an Ohio limited liability company that does business as CalPal Consulting, LLC, the payee named on the 2011 Note. (*CalPal, LLC v. Cleveland Ave Restaurant, Inc., et al.*, Lucas C.P. No. G-4801-CI-0201605534-000, Amended Complaint, at 2 ¶ 7). Proof of Claim No. 11 was filed in that name and discloses "CalPal, LLC" as another name the creditor used with the Debtor. (Proof of Claim, Claim 11-1, at 1). There is one creditor and one debt, not two.

1. **CalPal financed the Sirens business.** In 2011, CalPal financed the purchase of the Sirens business at 6190 Cleveland Avenue, the business the Debtor now operates. The loan was made on a $2,300,000 cognovit note. Cleveland Ave Restaurant, Inc. and Lame Sharrak signed that note, jointly and severally, and it was secured by all assets of the business.

2. **The CalPal judgment has gone unpaid since 2017.** Judgment was entered for $3,449,489.43 plus interest in March 2017. No payment has been shown to have been applied to it since. In 2026, the Lucas County Court of Common Pleas rejected every defense to revivor that Mr. Sharrak and Cleveland Ave Restaurant, Inc. raised. It revived the judgment against Mr. Sharrak on May 12, 2026 and against Cleveland Ave Restaurant, Inc. on August 26, 2026.

3. **The Debtor is the same enterprise.** The Debtor operates the same business, at the same premises, with the same collateral. Its sole shareholder is Mr. Sharrak, the same principal who signed the note. His own evidence in the Lucas County revivor proceeding shows that the obligations he says replaced the CalPal debt also went largely unpaid.

4. **Multiple parties in interest filing objections.** For all the reasons set forth in the objections of the United States Trustee (UST Objection, Doc. 196) and Corporate Exchange Group, LLC (CEG Objection, Doc. 197), and for the reasons set forth herein, the Motion should be denied. The CalPal record set out below independently confirms that conclusion.

The grounds for this Objection are set forth more fully in the Memorandum in Support below, which is incorporated here.

Respectfully submitted,

/s/ Ali A. Nour

Ali A. Nour (0096243)
Gressley, Kaplin & Parker, LLP
One SeaGate, Ste. 1645
Toledo, OH 43604
Telephone: (419) 244-8336
Facsimile: (419) 720-8504
e-mail: anour@gkplaw.net
*Attorney for creditor Calpal, LLC*
*d/b/a Calpal Consulting, LLC*

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

The Debtor asks this Court to rely on its sole shareholder's promise that, this time, the estate's obligations will be paid. CalPal has more experience with that promise than any other creditor in this case.

In 2011, CalPal financed the purchase of the very business the Debtor operates today: the adult-entertainment club known as "Sirens" at 6190 Cleveland Avenue in Columbus. Lame Sharrak signed the $2.3 million note personally and on behalf of Cleveland Ave Restaurant, Inc. The note was secured by every asset of the business. It went into default, and judgment for $3,449,489.43 was entered in March 2017. No payment has been shown to have been applied to that judgment in the nine years since.

When CalPal moved to revive the judgment, Mr. Sharrak told the Lucas County Court of Common Pleas that proof of payment "does exist," and then produced none. He obtained continuances, sought reconsideration, and ultimately claimed that the debt had been replaced by later agreements. His own exhibits showed that those later agreements went largely unpaid as well. The Common Pleas Court rejected every defense. It revived the judgment against Mr. Sharrak on May 12, 2026, and against Cleveland Ave Restaurant, Inc. on August 26, 2026, nine days before the Debtor entered the Agreed Order it breached four days later.

That record is the most reliable evidence available of how the Debtor's controlling principal behaves after he promises to pay. For the reasons set forth in the objections of the United States Trustee and Corporate Exchange Group, LLC, and in light of the facts set out below, the Motion should be denied.

## II. STATEMENT OF FACTS

### A. The 2011 Sirens Acquisition, the CalPal Note, and CalPal's Security Interest.

On November 8, 2011, Cleveland Ave Restaurant, Inc. ("CAR") and Lame Sharrak, "jointly and severally," executed a Cognovit Promissory Note payable to CalPal in the principal amount of $2,300,000, bearing interest at 8% (the "Note").[2] (Lucas County Action, Amended Complaint, Ex. A, Cognovit Promissory Note ("Note"), at p. 1). The Note financed CAR's purchase of "the assets and/or business commonly known as 'Sirens'" under a Business Purchase Agreement of the same date. (Note, at p. 1 ¶ 4). It was secured by a Security Agreement "granting Lender a security interest in all of the assets of Cleveland Ave, including the assets of the business commonly known as 'Sirens' located at 6190 Cleveland Avenue, Columbus, Franklin County, Ohio." (*Id.* at p. 1 ¶ 3).

The Note contains three provisions that bear directly on the present Motion. It makes "[t]ime . . . of the essence on the payment of this Note." (*Id.* at p. 2 ¶ 7). It makes it an event of default to sell, transfer, or otherwise dispose of the Sirens business without CalPal's prior written consent. (*Id.* at p. 1 ¶ 4). And it provides that CalPal's "forbearance from exercising any right or remedy" is neither a waiver nor a course of dealing on which the co-makers may rely. (*Id.* at p. 2 ¶ 6).

[2]Citations to "Doc." refer to the docket in this case, identified by short title, docket number, page, and paragraph (e.g., "Reconversion Motion, Doc. 184, at p. 4 ¶ 37"). Filings in *CalPal, LLC v. Cleveland Ave Restaurant, Inc., et al.*, Lucas C.P. No. G-4801-CI-0201605534-000, are cited as "Lucas County Action," followed by the filing's title and page. "CAR Amended Brief in Opposition" refers to Defendant Cleveland Ave Restaurant, Inc.'s Amended Brief in Opposition to Plaintiff's Motion for Conditional Order of Revivor, filed June 22, 2026, and its exhibits. "CAR Written Closing Argument" refers to Defendant Cleveland Ave Restaurant, Inc.'s Written Closing Argument in Opposition to Plaintiff's Motion for Revivor, filed July 27, 2026. Each Lucas County filing is identified in CalPal's Exhibit List. They are public court records of which this Court may take judicial notice. Fed. R. Evid. 201(b)(2).

**B. Nine Years of Nonpayment: The 2017 Judgment and the 2026 Revivor.**

The Note went into default. On January 12, 2017, CalPal filed its Amended Cognovit Complaint in the Lucas County Court of Common Pleas, Case No. G-4801-CI-0201605534-000. (Lucas County Action, Amended Complaint, at pp. 1–3). On March 8, 2017, the court entered judgment against CAR and Mr. Sharrak, jointly and severally, for $3,449,489.43 plus 8% interest from December 9, 2016, attorney fees, and costs. (Lucas County Action, Order for Default, at p. 1). A nunc pro tunc entry correcting the caption was journalized on September 24, 2020. (Lucas County Action, Nunc Pro Tunc Entry to Correct Order for Default, at pp. 1–2).

The judgment went unpaid and became dormant. On July 22, 2025, CalPal moved for a conditional order of revivor. (Lucas County Action, Motion for Conditional Order of Revivor, at pp. 1–2). Mr. Sharrak moved for a continuance on November 7, 2025, and the court granted it. (Lucas County Action, Decision and Judgment Entry Granting Motion for Revivor and Granting Motion for Continuance (May 12, 2026) ("May 12 Revivor Entry"), at p. 1). Six days later, on November 13, 2025, the Debtor filed this chapter 11 case. (UST Objection, Doc. 196, at 1 ¶ 1). The revivor hearing was continued to May 8, 2026, over CalPal's objection. The day before that hearing, the defendants moved for yet another continuance. (May 12 Revivor Entry, at p. 1). The court denied the motion as to Mr. Sharrak and proceeded to hearing.

> Although indicating that evidence that the judgment was paid or settled does exist[], Defendant Sharrak acknowledged that he did not bring any evidence for the Court to consider. He provided no further reasoning as to why the judgment should not be conditionally revived.

(*Id.* at p. 2). The court revived the judgment against Mr. Sharrak for its full amount. (*Id.* at p. 3). Mr. Sharrak immediately moved for reconsideration. He asserted that "compelling evidence of post-judgment payment, settlement, satisfaction, assignment, and real-party-in-interest issues"

existed. (Lucas County Action, Defendants' Motion to Clarify Interlocutory Status of May 8, 2026 Order and Motion for Reconsideration, at pp. 1–2).

CAR then had its evidentiary hearing on July 20, 2026. Mr. Sharrak, testifying as CAR's president, offered an amortization schedule, a tenant ledger, one check, CalPal's proof of claim in this case, a 2020 "Irrevocable Purchase Agreement," and a 2022 email from a transactional attorney. (Lucas County Action, CAR Written Closing Argument, at pp. 2–5; Lucas County Action, Decision and Judgment Entry Granting Motion for Revivor (Aug. 26, 2026) ("Aug. 26 Revivor Entry"), at pp. 2–3). He contended that the 2017 judgment had been "novated, satisfied, and barred by subsequent agreements." (Lucas County Action, CAR Written Closing Argument, at pp. 1–2). The Common Pleas Court rejected that contention on every ground:

> [Defendant] presented evidence of one check that it purports was repayment of the debt and an amortization schedule that does not denote any payments. It also presented a tenant ledger which does include a running balance and indicates a credit in 2023 due to a "new agreement" but purports that the purchase agreement entered between the parties was finalized in 2020, not 2023. . . . Finally, the purchase agreement makes no mention of releasing the judgment entered against Defendant.

(Aug. 26 Revivor Entry, at pp. 3–4). On August 26, 2026, the court revived the judgment against CAR at "$3,449,489.43, plus interest at the rate of 8% from December 9, 2016 together with attorney fees and costs." (*Id.* at p. 4). The Common Pleas Court specifically found that the single check was "the only evidence of a payment that was presented to the Court." (*Id.* at p. 2).[3]

[3]In the revivor proceeding, Mr. Sharrak explained his inability to produce canceled checks by testifying that "banks routinely drop adult entertainment venues, forcing Defendant to switch banks frequently." (Lucas County Action, CAR Written Closing Argument, at p. 4).

### C. The Debtor Is the Same Sirens Enterprise, Under the Same Controlling Principal.

The Debtor is Cleveland Avenue Cafe, Inc. It operates under the name "Sirens" at 6190 Cleveland Avenue, the same business and premises that CAR acquired with CalPal's financing in 2011. Mr. Sharrak is the Debtor's sole shareholder. (Agreed Order, Doc. 173, at p. 2). He is also CAR's president and statutory agent. (May 12 Revivor Entry, at p. 2; Lucas County Action, CAR Written Closing Argument, at p. 2). CAR, "d/b/a Sirens," has been the lead defendant since 2015 in *Hogan v. Cleveland Ave Restaurant, Inc.*, No. 2:15-cv-2883 (S.D. Ohio), the wage-and-hour class action described in CEG's objection.

Mr. Sharrak's own evidence in the revivor proceeding treated the two companies as one enterprise. He testified that CAR's payments were made toward both CAR's and the Debtor's obligations "under the Judgment" and under the 2020 purchase agreement. (Lucas County Action, Plaintiff's Post-Hearing Brief in Support of Revivor, at p. 2). The one payment he could document, $29,020.76 to Shoreland Properties, posted in June 2024, was drawn on the Debtor's own account. (Lucas County Action, CAR Amended Brief in Opposition, Ex. C). His 2022 transactional documents allocated the CalPal judgment to a proposed "Cleveland Avenue Cafe, Inc. – Cognovit Promissory Note." (Lucas County Action, CAR Amended Brief in Opposition, Ex. F). Yet when that suited his purposes, his counsel told the Common Pleas Court that the Debtor is "a different corporate entity" and that this bankruptcy case has "absolutely no bearing" on CAR's liability. (Lucas County Action, Defendants' Reply to Plaintiff's Response to Motion to Clarify Interlocutory Status and Motion for Reconsideration, at p. 4).[4]

---

[4]CalPal argued in the revivor proceeding that the Debtor was a "nonparty" to that proceeding. That position was accurate, and it remains accurate. A revivor under R.C. 2325.17 runs only against the judgment debtors of record, and the Debtor was not one. Whether the Debtor is also liable on the CalPal debt as a successor, whether under *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St. 3d 344, (1993), or otherwise, is a separate question that the revivor court

**D. The Debtor's Own Ledger Shows the "Restructured" Obligations Went Unpaid.**

Mr. Sharrak's central defense was that the CalPal debt had been rolled into a 2020 workout with CalPal's affiliate, Shoreland Properties. Under that workout, the Sirens enterprise was to pay $6,500 per week beginning January 1, 2020. (Lucas County Action, CAR Amended Brief in Opposition, at p. 4). He offered the landlord's tenant ledger for the "Sirens" account at 6190 Cleveland Avenue to prove his performance. (Lucas County Action, CAR Amended Brief in Opposition, Ex. B, Tenant Ledger). That ledger proves the opposite:

- From May 19 through September 22, 2020, the account was charged $6,500 in each of nineteen consecutive weeks, a total of $123,500. No payment was recorded, and the balance rose to $226,748.
- From September 1, 2022 through December 1, 2023, the account was charged $27,950 per month under a "Note Payable" line, a total of $447,200 over sixteen months. Only two payments were recorded, totaling $8,800 ($6,000 on June 23, 2023 and $2,800 on November 27, 2023). The balance climbed to $567,295.51 before it was zeroed out by a December 31, 2023 entry labeled "New Agreement."
- From January through April 2024, the account was charged a further $79,000 for four months of $16,000 "Note Payable" installments plus property tax and insurance. No payment was recorded.

(*Id.*). In other words, the "new agreements" on which Mr. Sharrak relies were simply new promises that went unpaid, like the one before them. The Common Pleas Court found that the amortization schedule "does not denote any payments," and nothing in the record showed that the $1,471,810.89 "payoff" entry on that schedule was ever actually paid. (Aug. 26 Revivor Entry, at pp. 2–3; Lucas County Action, Plaintiff's Post-Hearing Brief in Support of Revivor, at p. 2).

---

had no occasion to decide. CalPal expressly reserves it. The point here is narrower and does not depend on that question. Whatever label the Sharraks attach to the entity at a given moment, the business, the premises, the collateral, and the controlling principal have not changed since 2011.

## III. LAW AND ARGUMENT

For the sake of time, CalPal requests that the court refer to the legal arguments made by the United States Trustee (UST Objection, Doc. 196) and Corporate Exchange Group, LLC (CEG Objection, Doc. 197), including the legal authorities and arguments set forth in each. For all the reasons set forth in those objections, and for the factual basis established herein, CalPal respectfully requests that the Court deny the Debtor's Motion. The factual basis set forth herein shows that the Debtor's controlling principal has not honored the repayment obligations that financed and sustain this business, and that his assurances of future performance should not be trusted.

## IV. CONCLUSION

For the foregoing reasons, CalPal respectfully requests that the Court deny the Reconversion Motion in its entirety, and order that this case remain in chapter 7 under the administration of the Chapter 7 Trustee.

Respectfully submitted,

/s/ Ali A. Nour
Ali A. Nour (0096243)
Gressley, Kaplin & Parker, LLP
One SeaGate, Ste. 1645
Toledo, OH 43604
Telephone: (419) 244-8336
Facsimile: (419) 720-8504
e-mail: anour@gkplaw.net
*Attorney for creditor Calpal, LLC*
*d/b/a Calpal Consulting, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a copy of the foregoing *Objection* with the Court via the Court's Electronic Case Filing System on September 25, 2026.

/s/ Ali A. Nour
Ali A. Nour (0096243)
Gressley, Kaplin & Parker, LLP
One SeaGate, Suite 1645
Toledo, Ohio 43604
Telephone: (419) 244-8336
Facsimile: (419) 720-8504
e-mail: anour@gkplaw.net
*Attorney for creditor Calpal, LLC*
*d/b/a Calpal Consulting, LLC*